IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DANIEL CURTIS BALLINGER,

    Petitioner,

v.                                  Civil Action No. 5:17CV158
                                              (STAMP)
JENNIFER SAAD, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
AND GRANTING RESPONDENT'S MOTION
TO DISMISS OR FOR SUMMARY JUDGMENT**

I.  Background

The pro se[1] petitioner, a federal inmate housed at FCI Gilmer, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. The petitioner is currently serving a 151-month sentence after pleading guilty to possession with intent to distribute fifty grams or more of cocaine base. ECF No. 16 at 2.

This habeas petition arises out of a prison disciplinary proceeding. During a search of the petitioner's cell, an FCI Gilmer employee discovered a weapon taped underneath a locker. ECF No. 11 at 4. At that time, the petitioner received an incident report in which the FCI Gilmer employee charged him with possession of a tool or weapon capable of doing harm under Bureau of Prisons

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

("BOP") prohibited act code 108. ECF No 11 at 4. However, following a disciplinary hearing, the Disciplinary Hearing Officer ("DHO") issued a report concluding that the petitioner had violated BOP prohibited act code 104, possession of a dangerous weapon. ECF No. 1-1. The petitioner contends that his right to due process was violated when the DHO sanctioned the petitioner under a different prohibited act than the one listed in the incident report provided to the petitioner. ECF No. 1 at 5. Further, the petitioner alleges that at the time of the search, his cell was accessible to 130 inmates living in that unit, and that, therefore, the DHO cannot rely on the concept of constructive possession to conclude that the petitioner possessed the weapon. ECF No. 1 at 6.

The respondent, the Warden of FCI Gilmer, filed a motion to dismiss, or, in the alternative, for summary judgment. ECF No. 10. In the respondent's memorandum in support, respondent argues that the petitioner fails to present a cognizable habeas claim for four reasons: (1) the petitioner received all due process protections available to an inmate facing discipline; (2) the sanctions against the petitioner were supported by adequate evidence; (3) a federal inmate has no fundamental constitutional right to be free from false prison disciplinary charges; and (4) to the extent the petitioner challenges sanctions other than the loss of good conduct time, those cannot be the basis of a habeas petition. ECF No. 11 at 8-14.

The petitioner then filed a response to the respondent's motion to dismiss. ECF No. 14. In response, the petitioner asserts that the DHO violated procedure by changing the violation code, as well as alleging for the first time that the petitioner never received a lock up order to place him in the Special Housing Unit. ECF No. 14 at 2.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule of Prisoner Litigation 2, this case was referred to United States Magistrate Judge James E. Seibert. The magistrate judge then entered a report and recommendation. ECF No. 16. In that recommendation, the magistrate judge recommended that the respondent's motion to dismiss be granted and the petitioner's § 2241 petition be dismissed with prejudice. ECF No. 16 at 11. The magistrate judge reviewed the requirements of due process for a prisoner in a prison disciplinary hearing and found that these requirements were met. ECF No. 16 at 7-8. In particular, the magistrate judge noted that under 28 C.F.R. § 541.8(a), an incident report provided to a prisoner need only list the prohibited act charged or a similar prohibited act. ECF No. 16 at 10. Because the acts prohibited by codes 104 and 108 are similar, and because the petitioner received the incident report which detailed the underlying facts of the charge, the magistrate judge found that the petitioner received adequate notice. ECF No. 16 at 10-11. Thus, the magistrate judge recommended that the respondent's motion be

granted and the petition be dismissed with prejudice.  ECF No. 16 at 11.

The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within 14 days after being served a copy of the report and recommendation.  Neither party filed any objections to the report and recommendation.

For the reasons that follow, this Court finds that the report and recommendation of the magistrate judge should be adopted in its entirety.

## III.  Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made.  Because the petitioner did not file any objections to the report and recommendation, the magistrate judge's findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).

## IV.  Discussion

After reviewing the parties' filings and the record, this Court is not "left with the definite and firm conviction that a mistake has been committed" by the magistrate judge.  <u>United States v. Gypsum Co.</u>, 333 U.S. at 395.  The magistrate judge correctly held the <u>pro se</u> petition to less stringent standards than those

4

complaints drafted by attorneys.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  Upon review, the magistrate judge examined the standard of review and requirements of due process in a prison disciplinary hearing.  ECF No. 16 at 8.  The magistrate judge correctly found that the petitioner received adequate notice because the DHO found that the petitioner had violated a prohibited act similar to the act described in the incident report.  ECF No. 16 at 11.

In a prison disciplinary hearing that may result in a loss of good time credit, due process requires that the prisoner receive written notice of the charges.  Wolf v. McDonnell, 418 U.S. 539, 540 (1974).  At the disciplinary hearing, the DHO may decide that "[the prisoner] committed the prohibited act(s) charged, and/or similar prohibited act(s) as described in the incident report."  28 C.F.R. § 541.8(a)(1).  Here, the written notice contained a description of the conduct in question.  ECF No. 1-1 at 3.  The conduct described in the incident report was similar to the prohibited act that the DHO found the petitioner violated.  Thus, the magistrate judge correctly found that the description of the conduct provided the petitioner with adequate notice.  ECF No. 16 at 11.

Therefore, this Court finds that the findings of the magistrate are not clearly erroneous.  Accordingly, the report and recommendation is affirmed and adopted in its entirety.

## V. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the report and recommendation of the magistrate judge (ECF No. 16) is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, the petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) is DENIED. Additionally, the respondent's motion to dismiss or, in the alternative, for summary judgment (ECF No. 10) is GRANTED.

It is further ORDERED that this case be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the pro se petitioner by certified mail. Pursuant to Federal Rule of Civil

Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: June 18, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE